UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRADLEY SMITH,

    Plaintiff,

    v.

SHERRY FRITTER, M. HUBBARD,
WEXFORD OF INDIANA, LLC, and
PRISON MEDICAL STAFF,

    Defendants.

CAUSE NO. 3:23-CV-1043-DRL-MGG

OPINION AND ORDER

Bradley Smith, a prisoner without a lawyer, filed a complaint presenting the same claims he raised in *Smith v. Hubbard*, 3:18-cv-644 (N.D. Ind. filed August 22, 2018). ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Smith alleges a weight bar fell on his head at the Indiana State Prison. He says he cannot remember when, but it was more than two years ago. In his prior lawsuit raising the same claims, he alleged that happened on January 27, 2017, at approximately

11: 40 am. In that case, as in this one, he sued Sherry Fritter, M. Hubbard, and Wexford of Indiana, LLC.[1]

This case is barred by the doctrine of claim preclusion, also known as *res judicata*. Federal courts apply "the preclusion law of the state that rendered the judgment to determine whether res judicata controls this case." *Hicks v. Midwest Transit, Inc.*, 479 F.3d 468, 471 (7th Cir. 2007). Indiana law provides:

> The following four requirements must be satisfied for claim preclusion to apply as a bar to a subsequent action: (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the former judgment must have been rendered on the merits; (3) the matter now in issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies.

*Marion Cnty. Cir. Ct. v. King*, 150 N.E.3d 666, 672 (Ind. Ct. App. 2020) (*quoting Angelopoulos v. Angelopoulos*, 2 N.E.3d 688, 696 (Ind. Ct. App. 2013)). "When claim preclusion applies, all matters that were or might have been litigated are deemed conclusively decided by the judgment in the prior action." *Id*.

Here, all the requirements of claim preclusion are met. First, this court had jurisdiction over these claims brought under 42 U.S.C. § 1983. Second, the prior case was dismissed on January 22, 2019, under 28 U.S.C. § 1915A because did not state a claim for which relief could be granted. Third, all the claims he had against these defendants

---

[1] The only new defendant in this case is "Prison Medical Staff." The addition of this description of unknown defendants adds nothing because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997).

arising in 2017 and 2018 could have been brought in the prior lawsuit. Fourth, he is suing the same defendants.

The only possible claims he might still have would be based on his new allegation that "WCF prison has mistreated me the same way as ISP prison. No medical help!!" If he had named a defendant at the Westville Correctional Facility and explained how that defendant was recently deliberately indifferent to a serious medical need, those allegations might state a claim. This complaint does not state a claim because it does neither.

If Mr. Smith believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) DISMISSES Sherry Fritter, M. Hubbard, Wexford of Indiana, LLC, and Prison Medical Staff;

(2) GRANTS Bradley Smith until **January 18, 2024**, to file an amended complaint; and

4

(3) CAUTIONS Bradley Smith if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

December 21, 2023                                          *s/ Damon R. Leichty*
                                                            Judge, United States District Court