UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRADLEY SMITH,

    Plaintiff,

    v.                      CAUSE NO. 3:23-CV-1043-DRL-AZ

JACKSON,

    Defendant.

## OPINION AND ORDER

Bradley Smith, a prisoner without a lawyer, filed an amended complaint alleging he is being denied constitutionally adequate medical treatment for a head injury. ECF 8. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Smith alleges that during an appointment on October 12, 2023, Dr. Jackson assured that he would treat Mr. Smith's severe head injury. Mr. Smith alleges Dr. Jackson never did. For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment."

*Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Giving Mr. Smith the benefit of the inferences to which he is entitled at the pleading stage, these allegations state a claim. Mr. Smith also sues "All Medical Nurses," but the complaint does not provide any facts showing how any nurse violated his constitutional rights.

For these reasons, the court:

(1) GRANTS Bradley Smith leave to proceed against Dr. Jackson in his individual capacity for compensatory and punitive damages for denying him constitutionally adequate medical treatment for his severe head injury following the October 12, 2023 appointment in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Medical Staff;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Jackson at Centurion Health of Indiana, LLC, with a copy of this order and the complaint (ECF 8);

(5) ORDERS Centurion Health of Indiana, LLC to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Dr. Jackson to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to

the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

November 15, 2024 *s/ Damon R. Leichty*
Judge, United States District Court