UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRADLEY SMITH,

        Plaintiff,

       v.                          CAUSE NO. 3:23-CV-1043 DRL-AZ

JACKSON,

        Defendant.

<u>OPINION AND ORDER</u>

Bradley Smith, a prisoner without a lawyer, is proceeding in this case "against Dr. Jackson in his individual capacity for compensatory and punitive damages for denying him constitutionally adequate medical treatment for his severe head injury following the October 12, 2023 appointment in violation of the Eighth Amendment[.]" ECF 15 at 2. On March 20, 2025, Dr. Jackson filed a summary judgment motion, arguing Mr. Smith didn't exhaust his available administrative remedies before filing this lawsuit. ECF 25. With the motion, Dr. Jackson provided Mr. Smith the notice required by N.D. Ind. L.R. 56-1(f). ECF 28. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Under Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a response to the statement of material facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed over six months ago, but Mr. Smith

still hasn't responded. Therefore, the court will now rule on Dr. Jackson's summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner

must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

Dr. Jackson argues Mr. Smith didn't exhaust his available administrative remedies before filing this lawsuit because he never submitted or attempted to submit any grievance related to his claim that Dr. Jackson denied him adequate treatment for his head injury following the October 12, 2023 appointment. ECF 27 at 4-5. Specifically, Dr. Jackson provides Mr. Smith's grievance records, a copy of the Offender Grievance Process, and an affidavit from the Grievance Specialist at Westville Correctional Facility (WCF).[1] During all relevant times, an Offender Grievance Process was in place at WCF which requires an inmate to complete three steps before filing a lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. ECF 26-1 at 2; ECF 26-2 at 3. Mr. Smith's grievance records show he never submitted or attempted to submit any grievance complaining Dr. Jackson denied him adequate treatment for his head injury. ECF 26-1 at 3-4. Mr. Smith did submit Grievance 177411 against Dr. Jackson in March 2024, but Mr. Smith submitted this grievance only after he filed this lawsuit and, regardless, this grievance complained only that Dr. Jackson had misdiagnosed him with kidney failure and did not complain Dr. Jackson had denied him adequate treatment for his head injury. ECF 26-1 at 3; ECF 26-3; ECF 26-4. Moreover, the grievance office denied Grievance 177411 on its merits and Mr.

---

[1] Because Mr. Smith hasn't responded to Dr. Jackson's summary judgment motion, the court accepts these facts as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

Smith did not fully exhaust the grievance by submitting Level I and Level II appeals. *Id.* Mr. Smith did not submit any other grievances related to his medical care at WCF. ECF 26-1 at 3-4.

Here, Dr. Jackson has met his burden to show Mr. Smith didn't exhaust his available administrative remedies before filing this lawsuit, as the undisputed facts show Mr. Smith never submitted or exhausted any grievance related to his claim that Dr. Jackson denied him adequate treatment for his head injury. Specifically, it is undisputed that Grievance 177411 is the only grievance Mr. Smith submitted related to the medical treatment he received from Dr. Jackson, and this grievance complained only that Dr. Jackson had misdiagnosed him with kidney failure and did not allege Dr. Jackson had denied him treatment for his head injury. Because Grievance 177411 did not put the prison on notice of Mr. Smith's claim that Dr. Jackson denied him adequate treatment for his head injury, Mr. Smith cannot rely on Grievance 177411 to exhaust his claim against Dr. Jackson. *See Schillinger v. Kiley*, 954 F.3d 990, 995-96 (7th Cir. 2020) (prisoner only satisfies the exhaustion requirement if his grievance gives prison officials "notice of, and an opportunity to correct, a problem"); *Bowers v. Dart*, 1 F.4th 513, 517 (7th Cir. 2021) (an inmate cannot rely on a grievance to exhaust a claim if there is a "disconnect between the grievance and complaint"). Regardless, even if Grievance 177411 *did* put the prison on notice of Mr. Smith's claim against Dr. Jackson, Mr. Smith cannot rely on Grievance 177411 to show exhaustion in this case because (1) Mr. Smith did not fully exhaust Grievance 177411 by submitting Level I and Level II appeals, and (2) Mr. Smith only submitted Grievance 177411 after he filed this lawsuit. *See Perez*, 182 F.3d at 535 ("a suit

filed by a prisoner before administrative remedies have been exhausted must be dismissed . . . even if the prisoner exhausts intra-prison remedies before judgment"); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (a prisoner cannot file a lawsuit first and exhaust his administrative remedies later). Thus, the undisputed evidence shows Mr. Smith did not submit or fully exhaust any relevant grievance before filing this lawsuit, and Mr. Smith does not argue or provide any evidence his administrative remedies were in any way unavailable. Therefore, because Dr. Jackson has met his burden to show Mr. Smith didn't exhaust his available administrative remedies before filing this lawsuit, summary judgment is warranted in favor of Dr. Jackson.

For these reasons, the court:

(1) GRANTS Dr. Jackson's motion for summary judgment (ECF 25); and

(2) DIRECTS the clerk to enter judgment in favor of Dr. Jackson and against Bradley Smith and to close this case.

SO ORDERED.

October 30, 2025                          *s/ Damon R. Leichty*
                                          Judge, United States District Court